```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND
```

JOHN W. ALLEN                       :
                                    :
v.                                  :     Civil Action WMN-05-2352
                                    :
JOHN A. CRANE CO., INC.             :

**MEMORANDUM**

Plaintiff John W. Allen was briefly employed as a truck driver by Defendant John A. Crane Co., Inc., beginning on or about November 22, 2004. Defendant fired Plaintiff after six weeks of employment, on or about December 19, 2004. Plaintiff is a Native American and alleges that Defendant terminated him because of his race and national origin and brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Discovery in this matter has been completed and Defendant has moved for summary judgment. Paper No. 9. The motion is opposed and ripe for decision.

Summary judgment is appropriate where "there is no genuine issue of material fact and [where] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While the non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor," Felty v. Graves- Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987), the non-movant, in resisting summary judgment, must "go beyond the pleadings and by [his] own affidavits . . . depositions, answers

to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Summary judgment is appropriate, therefore, where there is no genuine issue of material fact that could lead a rational trier of fact to find for the nonmoving party.  See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

   Without question, there are disputes of fact in the record. Defendant has submitted evidence, through the testimony of its owner and proprietor, John A. Crane, that on December 1, 2004, December 5, 2004, and December 16, 2004, Plaintiff violated company safety procedures.  Crane testified that on the first two occasions, Plaintiff was given a written warning explaining the company's "three strikes and you're out" policy and reminding him that he was also subject to a 90-day probationary period.  Before Crane was able to address the third incident, however, Plaintiff was involved in a fourth incident when he cut a corner too close and tore a customer's gate off its hinges, causing considerable property damage.  Plaintiff was promptly fired after that fourth incident.

   Plaintiff has submitted his own declaration in which he denied that the incidents of December 1st, $5^{th,}$ or 16th occurred, that he ever received a written warning, or that he was ever told about Defendant's three strike policy or 90-day probationary

period.[1]  He admits, however, that he was involved in an incident on December 18, 2004, where he knocked down a gate.  While there are disputes of fact, the Court concludes that under the relevant case law they are not material disputes as Plaintiff has failed to make a showing sufficient to establish an element essential to his claims.  See Celotex Corp. v. Catrett, 477 U. S. 317, 322-23 (1986) (where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial [and t]he moving party is 'entitled to judgment as a matter of law'") (quoting Fed. R. Civ. P 56 (c)).

Because Plaintiff has presented no direct evidence of discrimination against Native Americans,[2] he must rely upon the McDonnell Douglas[3] burden of proof shifting scheme to prove his claims under either Title VII or § 1981.  See McAdoo v. Toll, 615

---

[1] Plaintiff acknowledged in his deposition, however, that he was aware that a 90-day probationary period was standard in the industry.  Pl.'s Dep. 29.

[2] Plaintiff stated in his deposition that he was subject to John Crane's "racial animus by his abusive and profane conduct in the workplace."  Pl.'s Dep. 52.  While he recounts elsewhere in his deposition an incident where Crane addressed him using profanity, he also testified that there was no racial animus directed at Native Americans or the Plaintiff in that incident.  Id. 91-92.

[3] McDonnell Douglas v. Green, 411 U.S. 792 (1973).

F. Supp. 1309, 1312 (D. Md. 1985) ("Given the similarities of [Title VII and § 1981], it is appropriate to apply the McDonnell Douglas test to § 1981 claims.").  Under this proof scheme, Plaintiff has the initial burden to establish a prima facie case of discrimination.  In this context, Plaintiff would do so by establishing that:  (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) at the time of the adverse action he was performing to his employer's expectations; and (4) other similarly situated employees who are not members of the protected class did not suffer the same adverse action. Brinkley v. Harbour Recreation Club, 180 F.3d 598, 607 (4th Cir. 1999).  If Plaintiff establishes a prima facie case, the burden of production shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 959 (4th Cir. 1996).  "If the employer does so, the presumption of unlawful discrimination created by the prima facie case 'drops out of the picture' and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination."  Id.

    Plaintiff has established the first two elements of his prima facie case.  He is in a protected class (Native American) and he suffered an adverse employment action (he was fired). Accepting as true Plaintiff's denial of the first three incidents, a fact finder could conclude that he was performing to

his employer's expectations.[4]  Plaintiff, however, has not established the fourth element, that others outside of the protected class were treated any differently.

In his attempt to do so, Plaintiff states in his Complaint that "[u]pon information and belief, another employee, a black male, was not disciplined for an accident he was involved in." Compl. ¶ 24.  In his deposition, he identifies that individual as Aaron McCray.  Pl.'s Dep. 65.  When, at his deposition, Plaintiff was shown by defense counsel three warning letters addressed to Mr. McCray, the last indicating that he was being fired for backing into a service truck and causing damage to the vehicle, Plaintiff responded, "When I talked to Aaron, he said he hadn't been fired, he quit."  Id.  The Court notes that Plaintiff's testimony as to the truth of whether McCray quit or was fired is clearly inadmissible hearsay.

Plaintiff attempts to bolster his argument with an "affidavit" of Mr. McCray in which McCray simply states that he never received any warning letters from Defendant.  Pl.'s Ex. 19. The Court notes that this "affidavit" is also inadmissible as it is an unsworn statement not made under penalty of perjury.  See

---

[4] Plaintiff admits that he caused an accident that resulted in hundreds of dollars of damages.  According to Defendant, it voluntarily extended a policy whereby employees were permitted to be involved in three safety infractions or accidents before they be would terminated.  Because Plaintiff apparently disputes that this actually is Defendant's policy, the Court questions by what standard Plaintiff contends his job performance was "at least satisfactory."  See Compl. ¶ 15.  For the sake of this motion, however, the Court will assume that Plaintiff has established this element.

5

Lumoa v. Potter, 351 F. Supp. 2d 426, 429 (M.D.N.C. 2004) (noting that while federal law allows an unsworn declaration to be used in opposition to a motion for summary judgment with the same force and effect as an affidavit or other sworn statement, that declaration must be made "under penalty of perjury") (citing 28 U.S.C. § 1746).  Ignoring this procedural deficiency for the moment, McCray's statement still gives no support to Plaintiff's position and, if fact, undermines it completely.  McCray states, that he was given no warning letters "prior to my discharge from John A. Crane Co." Pl.'s Ex. 19 (emphasis added).

Thus, Plaintiff's proffered "evidence," were it assumed to be admissible, does not give rise to any inference of discrimination against Native Americans.  Like Plaintiff, McCray claims he was never given written warning letters.  Like Plaintiff, McCray was fired after causing an accident.[5]

Given the failure of Plaintiff to make a showing sufficient to establish the existence of an element essential to his claim and on which he would bear the burden of proof at trial, the Court concludes that Defendant is entitled to judgment as a matter of law.  A separate order will issue.

---

[5] Defendant has also submitted unrebutted evidence that another non-Native American employee, Wayne Pendergrass, was terminated consistent with Defendant's three strikes policy. Crane Aff. ¶ 15.

6

```
                              /s/
                    William M. Nickerson
                    Senior United States District Judge
```

Dated: February 20, 2007